DELPHINE, f. w. c., v. MRS. GUILLET et als.

Since the Act of the Legislature of March 6th, 1857, prohibiting the emancipation of slaves in this State, the right of a slave to be emancipated by the will of his master, can no longer be enforced.
If the law should be changed, the remedy of the slave might be revived.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*L. Duvigneaud* and *T. W. Collens*, for plaintiff.   *J. Bermudez* and *C. Guillot*, for defendants and appellants.

SPOFFORD, J.   This case was formerly before us, and was remanded for a new trial.   See 11 An. 424.

Upon the new trial there was again a verdict to the effect, that the plaintiff was " entitled to her freedom as soon as practicable," and a judgment was rendered upon the 18th February, 1857, decreeing that " the defendants proceed without delay to emancipate the said plaintiff under the law of this State," &c.

Thereupon a suspensive appeal was taken by the defendants.

The judgment was probably correct, at the date of its rendition.  · But, at that time, there were lawful modes of enfranchising slaves within this State.   Since then the Act of March 6, 1857, (p. 55,) entitled " an Act to prohibit the emancipation of slaves," has been passed, declaring that from and after the passage of that Act, no slave shall be emancipated *in this State.*"

. In our former opinion we declared that the plaintiff was not free, but had acquired, under the will, a right to be emancipated so soon as she should show that it had become lawful to emancipate her.   The laws respecting the manumission of slaves fluctuate with the legislative will.   It is now impossible to affirm a decree ordering the defendants to emancipate *Delphine* in this State, because the lawgiver has forbidden them to do so.   If the law should be changed, her remedy might be revived.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that the plaintiff's petition be dismissed, as in case of nonsuit, she paying costs in the District Court, and the costs of this appeal.